The Honorable David B. Haley State Senator, 4th District State Capitol Building, Room 140-N Topeka, Kansas 66612-1504
Dear Senator Haley:
You ask several questions in regard to the application of Title VI of the Civil Rights Act of 1964[1] and the Civil Rights Restoration Act of 1987. The federal financial assistance provision, Section 601 of Title VI, states:
 "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."
The Civil Rights Restoration Act of 1987 was enacted in response to the United States Supreme Court's interpretation of Title IX.[2] The above quoted language above is mirrored in Title IX of the Education Amendments of 1972,[3] proscribing sex discrimination in education programs receiving federal funding.
Your first question is whether state agencies, local government entities, educational institutions, private for profit and not-for-profit corporations, if recipients of federal funding, are subject to Title VI. In short, the provision prohibits discrimination on the basis of race, color, or national origin by any recipient of federal financial assistance, as defined in 42 U.S.C. § 2000d-1.[4]
Your second question is whether recipients of federal assistance are required to monitor the program and activities of their sub-recipients. Federal officials have an affirmative duty to police operations of and prevent discrimination by state and local agencies receiving the funds.[5] Rules and regulations, orders or contract terms of each federal agency distributing federal assistance may detail the initial recipient's obligations with regard to policing sub-recipients.
Your third question is whether Title VI was enacted to prohibit racial discrimination in federally funded programs. Section 601 of Title VI codifies the equal protection and nondiscrimination guarantees of the U.S. Constitution by prohibiting the federal government's financial participation in illegal discrimination.[6]
Your fourth question is whether Title VI affects state and local government boards, commissions and authorities when they are making public policy concerning the expenditure of federal funds. Each federal department or agency empowered to expend federal funds is authorized to effectuate the mandate of Section 601 of Title VI by issuing rules, regulations and orders with respect to any program or activity.[7] The term "program activity" or the term "program" includes the "entity of such State or local government that distributes such assistance and each such department or agency . . . to which the assistance is extended, in the case of assistance to a State or local government."[8]
Your fifth question is whether federal funding may be terminated or withheld for noncompliance with Title VI. Failure to comply with the mandates of Section 601 of Title VI may result in the termination of or refusal to grant or to continue federal funding assistance to any recipient upon a finding that the recipient has, on the ground of race, color, or national origin, excluded from participation in, denied the benefits of, or subjected to discrimination any person in any program or activity receiving federal financial assistance.[9]
Your last question is whether the minority community or its representative may be denied the right to participate in the planning and development of public policy as it relates to federally funded programs. No one desiring to participate may be, on the basis of race, color or national origin, denied the right to participate in the planning of public policy for a federally funded program.[10]
In conclusion, Section 601 of Title VI provides that no person may, on the ground of race, color or national origin, be excluded from participation in, be denied benefits of or be subjected to discrimination under any program or activity receiving federal financial assistance. State agencies, local government entities, educational institutions, private for profit and not-for-profit corporations, if recipients of federal funding [as defined in the federal statute], are subject to this prohibition against discrimination. Federal officials have an affirmative duty to police operations of, and prevent discrimination by, state and local agencies receiving the funds. The federal provision affects state and local government boards, commissions and authorities when making public policy concerning the expenditure of federal funds, and failure to comply may result in the termination of or refusal to grant or to continue federal funding assistance. No one may, on the basis of race, color or national origin, be denied the right to participate in the planning of public policy for a federally funded program.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm
[1] 42 U.S.C. § 2000d et seq.
[2] 20 U.S.C. § 1687 (enacted by Congress in response to Grove CityCollege v. Bell, 465 U.S. 555, 104 S.Ct. 1211, 79 L.Ed.2d 516 (1984), which found that Title IX covered only the specific program receiving federal funds). See, National Collegiate Athletic Ass'n v. Smith,525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999).
[3] 20 U.S.C. § 1681(a).
[4] 42 U.S.C. § 2000d-4a. See also Lane v. Pena, 518 U.S. 187;116 S.Ct. 2092; 135 L.Ed.2d 486 (1996); Appendix A of 34 C.F.R. § 100 etseq. as an example of how the federal statute is implemented by regulation and includes a list of state agencies and local agencies receiving funds through the state where Title VI and federal regulations apply [appendix A].
[5] NAACP, Western Region v. Brennan, 360 F. Supp. 1006 (D.D.C. 1973).See, 34 C.F.R. § 100.4(a) (requires subcontractors to give the recipient assurances that the programs will be conducted in compliance with Title VI.)
[6] 42 U.S.C. § 2000d-1; see, Brown v. Weinberger, 417 F. Supp. 1215
(D.D.C., 1976); Associated General Contractors v. Secretaryof Commerce of United States Department of Commerce, 441 F. Supp. 955, (C.D.Cal., 1977) vacated for other grounds, 438 U.S. 909,98 S.Ct. 3132, 57 L.Ed.2d 1153 (1978).
[7] 42 U.S.C. § 2000-1.
[8] 42 U.S.C. § 2000d-4a.
[9] Ibid. and 20 U.S.C. § 1682 [authorizing federal administrative enforcement by terminating the federal funding of any noncomplying recipient, § 1682(1), or "by any other means authorized by law," § 1682(2)]; see National Collegiate Athletic Ass'n v. Smith,525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929, (1999).
[10] 34 C.F.R. § 100.3(b)(vii).